## Griffith-Custer Steel Company v. Coca-Cola Bottling Company of Johnstown, Inc.

126

*Wayne G. Wolfe*, for plaintiff.

*Ronald M. Katzman and W. Louis Coppersmith*, for defendant.

MCDONALD, J., July 30, 1966.—This is an action in assumpsit wherein plaintiff claims reimbursement for payment of a sales tax to the Commonwealth of Pennsylvania on a contract between the parties. An answer was filed by defendant denying liability. By stipulation, the case was heard nonjury.

The parties entered into a contract December 14, 1955, wherein plaintiff agreed to "furnish and erect" certain structural steel and other similar items which would be the basis for a new building defendant was constructing in Johnstown. The contract called for a fixed price of $71,598. This covered both materials and construction, and there is no proration between the two. It is agreed plaintiff furnished the materials and erected the steel superstructure, as provided by the contract. The building was completed by subcontractors under supervision of defendant.

On February 17, 1959, the Department of Revenue, after an audit of certain of plaintiff's accounts, assessed a sales tax on the full value of the contract at the rate of 3 percent, under the Act of March 6, 1956, P. L. 1228, art. 1, sec. 1 et seq., as amended, 72 PS §3403-1 et seq. The act, which became effective March 6, 1956, contained a provision for exclusion from tax

of contracts entered into prior to March 7, 1956 (section 203(c)(1)), provided notice be given by the taxpayer to the department prior to June 15, 1956.

It is admitted there was a hearing on the tax assessment, of which notice was not given to defendant. The tax was paid by plaintiff on March 17, 1959, and notice of the assessment was not given to defendant until May 10, 1960. The assessment was made by the Sales Tax Board of Review (hereinafter board) on a determination the transaction was a sale. No appeal was taken by plaintiff from the assessment, and when defendant was notified 15 months later, the time for appeal had passed.

Plaintiff contends an exclusion certificate was provided it by defendant and, therefore, no tax was collected on the sales of material used in the contract. The certificate was not offered at trial, and defendant, by its witness, R. M. Brown, president of defendant corporation, disclaims any knowledge of, or that it was given. The board, upon finding the certificate was invalid for the reason it had no special permit number, held it had not been accepted in good faith by plaintiff. This information is contained in the decision of the board, dated February 17, 1959. Plaintiff offered the decision as proof of the fact an invalid certificate was given it by defendant whereby it failed to collect the tax which was eventually assessed and paid.

Defendant objected to the admission of the decision for the reason it was not a party to the proceeding, had no notice of it and, therefore, cannot be bound by any factual determination. In addition, it contends: (1) it was not liable for payment of the tax, since this was a construction contract, and (2) plaintiff could have successfully claimed an exclusion had it complied with the procedures set forth in the act. We reserved ruling on the admissibility of the board's decision, which was offered as plaintiff's exhibit no. 2.

We hold the decision upon which plaintiff relies to prove the fact that an invalid exclusion certificate was given it by defendant is not admissible for that purpose and, therefore, the objection is sustained. Defendant was not a party to the proceeding, thus affording it an opportunity to offer testimony, crossexamine witnesses, and plead its construction of the contract. The board's findings cannot preclude defendant from showing a certificate was not given to plaintiff whereby it was misled, or that this was a construction contract which would have required payment of the tax by plaintiff if the materials used had been procured from a supplier.

The finding of the Sales Tax Board of Review that this was a sale and, therefore, taxable is not binding on this court in the absence of testimony to so prove. The matter is de novo in this case.

It is plaintiff's burden to show this was a sales rather than a construction contract, the latter requiring it to make payment of the tax to its supplier. In the absence of testimony, we must rely on an interpretation of the contract (plaintiff's exhibit no. 1) to determine its nature.

If this is a construction contract, plaintiff is liable for the tax on purchases from its supplier if the materials were so acquired; if it is a sales contract, then the cost of the materials sold would be taxable to defendant: Act of 1956, art. 11, sec. 202(a). If it is both a sales and construction contract, defendant would be liable for the tax on the tangible personal property sold, but not on construction costs.

We are satisfied this is a construction contract. It fails to apportion the cost of materials and construction; the contract price is entire and not severable. It provides not only the materials will be "furnished", but also "erected". It is admitted a steel superstructure was erected by plaintiff's contractor pursuant to the

contract. While the materials to be furnished are itemized, the completed structure, erected according to specifications, is what defendant was to receive, according to the contract. The materials provided became a part of the complete structure attached to the real estate and, therefore, assumed its identity.

Assuming, arguendo, this is in part a sales and in part a construction contract, there is no evidence of the proration of the former to the latter which could be used as a basis for determining defendant's liability. In fact, the manner in which the contract is written leads only to the conclusion it was intended that a completed steel superstructure would be provided. Prior to the passage of the Selective Sales and Use Tax (when this contract was executed), it was not deemed important to distinguish between construction and sales, even though the vendor of materials also agreed to construct or install.

We, therefore, cannot find, despite the determination of the board, the contract as written was a sales contract and plaintiff was a vendor. In deciding it was a construction contract, we have considered its wording, the entire rather than itemized contract price, and the obvious intent of plaintiff to provide a finished superstructure.

There is merit in the statement of counsel that at the time the Selective Sales and Use Tax became effective, there was confusion in the procedures to procure exclusion from tax liability where, (1) the contract was in essence both sales and construction, or, (2) had been executed prior to the effective date of the act. With the procedures now crystalized, parties can protect themselves by a clear wording of the contract and provide for collection of the tax, if it is in part a sale, or by making claim for exclusion or exemption when applicable. However, the contract with which we are concerned was not written in the light of this present

knowledge, and we are bound by an interpretation of its terms.

### CONCLUSIONS OF LAW

1. The contract executed by the parties on December 14, 1955, was a construction contract which provided for the delivery to defendant of a completed steel superstructure.

2. Plaintiff was not a vendor of the materials itemized in the contract, but, on the contrary, had agreed to furnish the materials and erect the steel superstructure; the latter of which was the prime obligation and object of the contract.

3. Plaintiff has failed to prove by the fair weight or preponderance of the evidence that defendant provided an invalid exclusion certificate whereby it was misled and failed to collect a tax on sales of materials.

4. Plaintiff has failed to prove by the fair weight or preponderance of the evidence that defendant is liable over in reimbursement of the tax assessed by the Sales Tax Board of Review on February 17, 1959.

### VERDICT

Now, July 30, 1966, after trial without jury, judgment is found in favor of defendant and against plaintiff.